## MARY E. DAYTON, Adm'x,

### v.

## THE CITIZENS NATIONAL BANK, impl'd, etc.

1.  NOTICE SUFFICIENT TO PUT UPON INQUIRY.—A party having notice of such facts as would put a prudent person on inquiry, is chargeable with a knowledge of other facts, to which by diligent inquiry he would have been led.

2.  NOTICE—AS TO JUDGMENT CREDITOR.—A judgment creditor has no greater equities than a *bona fide* purchaser, and notice which would affect the latter, would in like manner affect the former.

3.  MISTAKE IN DESCRIPTION OF LAND.—A judgment creditor is chargeable with the fact of a wrong description of land in a mortgage given by the judgment debtor, and of the true description of the land intended to be conveyed by the mortgage.

APPEAL from the Circuit Court of Coles county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed October 28, 1882.

. Messrs. BROWN, KIRBY & RUSSELL, for appellant; that whatever puts a party upon inquiry amounts to notice, cited 4 Kent's Com. 179; Doyle v. Teas, 4 Scam. 202; Rupert v. Mark, 15 Ill. 542; Morrison v. Kelly, 22 Ill. 610; Merrick v. Wallace, 19 Ill. 486; Ogden v. Haven, 24 Ill. 59; C. R. I. & P. R. R. Co. v. Kennedy, 70 Ill. 350; Harper v. Ely, 56 Ill. 179; Babcock v. Lisk, 57 Ill. 327; Russel v. Ransom, 76 Ill. 168; Watt v. Schofield, 76 Ill. 261; Erickson v. Rafferty, 79 Ill. 210; Beut v. Coleman, 89 Ill. 364; Brown v. Galloway, 98 Ill. 41; Magruder v. Peter, 11 Gill & J. 217; Ringgold v. Bryan, 3 Mad. Ch. 488; Cook v. De la Garza, 18 Tex. 431; Conover v. Blumrich, 14 Mich. 108; Kennedy v. Green, 3 My. & K. 699; Wilcox v. Hill, 11 Mich. 256; Jones v. Bainford, 21 Iowa, 217.

Mr. JAMES A. CONNOLLY, and Messrs. DUNN & CONNOLLY, for appellee; that a purchaser and a judgment creditor having a lien stand upon the same equity, cited Martin v. Dryden, 1 Gilm. 216; Massey v. Westcott, 40 Ill. 160; Milmine v. Burnham, 76 Ill. 362.

Where there are two descriptions in a deed, one subordinate which is incorrect, the latter will be treated as surplusage: Kruse v. Wilson, 79 Ill. 233; Myers v. Ladd, 26 Ill. 415; C. & A. R. R. Co. v. Morgan, 69 Ill. 492; Job v. Tebbetts, 4 Gilm. 153; Rodgers v. Kavanaugh, 24 Ill. 587.

, · If a description can be made certain by rejecting that which is repugnant, it will be done: Swift v. Lee, 65 Ill. 336; Sharp v. Thompson, 100 Ill. 447; Everett v. Boardman, 58 Ill. 429; Miller v. Beeler, 25 Ill. 163; Sickmon v. Wood, 69 Ill. 330; Kruse v. Scripps, 16 Ill. 103.

Courses and distances in a deed can be controlled only by monuments: 2 Washburn on Real Property, 674; Chadbourne v. Mason, 48 Me. 391; Bolton v. Lann, 16 Tex. 96; Ferris v. Coover, 10 Cal. 629; Beahan v. Stapleton, 13 Gray, 427.

Where the provisions of a grant are special and express,

they can not be restrained by a distinct clause in the deed:
2 Washburn on Real Property, 671; Smith v. Strong, 14 Pick.
128; Whiting v. Dewey, 15 Pick. 428;  Winn v. Cabot, 18
Pick. 533;  Cutler v. Tufts, 3 Pick. 272;  Dana v. Middlesex
Bank, 10 Met. 250;  Howell v. Saule, 5 Mason, 410; Morell
v. Fisher, 4 Exch. 591; Griffiths v. Penson, 25 Law Rep. 552;
Worthington v. Hylyer, 4 Mass. 196.

DAVIS, P. J.  On the 27th of August, 1868, Joseph Day-
ton executed a note to his mother, Mary E. Dayton, for the
sum of $3,500, borrowed money, payable one year after date,
with interest at the rate of ten per cent. per annum, and to se-
cure the same, on the same date executed and delivered to her
a mortgage deed in the usual form, intending to convey to her
the following described piece of land, to wit:  " A part of lot
No. twenty-five, in block three in the original town of Charles-
town, commencing thirty-eight and one fourth feet west of
the *southeast* corner of said lot, thence running west eighteen
and one fourth feet, thence north to the alley; then east eight-
een and one fourth feet, thence south to the place of begin-
ning."  But by a mutual mistake of all the parties, the piece
of land intended to be mortgaged was erroneously described
as commencing thirty-eight and one fourth feet west of the
*southwest* corner of said lot.

The mortgage as executed was duly acknowledged, and on
the day after its execution was recorded in the recorder's office
of Coles county, Illinois.

The piece of land intended to be mortgaged was purchased
by Joseph Dayton on February 1, 1864, from James M. Miller
and conveyed to him by a proper description by deed recorded
in said recorder's office May 24, 1865.

Immediately after the purchase, Dayton took possession of
the land and built thereon a two story brick building, which
he occupied as his place of business from that time until in the
year 1876, and since that time has been in the uninterrupted
possession thereof, by his tenants.

On the 5th day of January, 1876, The Citizens National
Bank of Indianapolis obtained a judgment in the United
States Circuit Court, for the Southern District of Illinois,

against the said Joseph Dayton, for the sum of $2,213.30, on which executions have been issued, returned *nulla bona*, and the judgment remains wholly unpaid.

The note with the accrued interest not having been paid, appellant commenced this suit in chancery, to obtain a correction and reformation of the mortgage, so that it shall conform to and express the true intent and meaning of the parties thereto, and also for a foreclosure of the mortgage.

The bank alone defends the suit, and in its answer to the bill of complaint, denies all knowledge of the mistake, and all knowledge or notice that the mortgage was intended to convey any property other than that described therein, and sets up that the note secured by the mortgage has been fully paid, and the mortgage thereby satisfied and discharged.

On the hearing, the court below found that a mistake had been made in the description of the land intended to be mortgaged as indicated above, found the amount due appellant on the note and mortgage, and decreed that as against all the defendants to the bill except the said Citizens National Bank, the said mortgage be reformed and corrected so as to express the true intent of the parties thereto, and so that the same shall be and operate as a mortgage upon the property intended to be described, and that on default of payment of the sum found due, the property intended to be described in the mortgage be sold, and the proceeds of sale after payment of costs, be applied to the payment of the sum found due appellant, but that said property should be sold, subject to the lien of the said judgment obtained by the said bank, which is declared to be a first lien upon said property intended to be mortgaged.

To reverse the decree so rendered, appellant prosecutes this appeal.

It seems well settled in this State that a party having notice of such facts as would put a prudent person on inquiry, is chargeable with a knowledge of other facts to which by diligent inquiry and investigation he would have been led. Bent v. Coleman, et al. 89 Ill. 364.

In the case cited it is said: "A person about to purchase

Dayton v. Citizens Nat'l Bank.

a tract of land would naturally inquire into the title of the vendor; he would ascertain his source of title."

A judgment creditor has no equities superior to a *bona fide* purchaser. The notice which would affect the latter would in like manner affect the former.

One wishing to purchase the land involved in this case, upon inquiry into the title of Joseph Dayton, from whom he proposed to purchase, would have discovered by turning to the records, that Joseph Dayton purchased such lands of James M. Miller and received a conveyance of the same by the description of "A part of lot 25, block 3, in the town of Charlestown, commencing $38\frac{1}{4}$ feet west of the southeast corner of said lot, thence running west $18\frac{1}{4}$ feet, thence north to the alley, thence east $18\frac{1}{4}$ feet, thence south to the place of beginning." He would also have discovered that afterward, in 1868, Joseph Dayton executed to Mary E. Dayton a mortgage to secure a note given for $3,500, on a part of the same lot 25, described precisely as the lot which was conveyed to him by James M. Miller, except that the mortgage described it as commencing $38\frac{1}{4}$ feet west of the south*west* corner of said lot, instead of $38\frac{1}{4}$ feet west of the south*east* corner of the same lot, and he would have discovered that there was necessarily a mistake in the description of the land as described in the mortgage, because as described it could not possibly be a part of lot 25 and commence $38\frac{1}{4}$ feet west of the south*west* corner of said lot, as $38\frac{1}{4}$ feet west of the southwest corner of lot 25 would place the land in some other lot than 25, and yet it was evident from the face of the mortgage that a part of lot 25 was intended to be mortgaged. Further inquiry, such as a prudent person would have made, would necessarily have led to the discovery that the land he proposed to purchase was the lot which was intended to be covered by the mortgage executed to Mrs. Dayton.

We are of opinion these facts were sufficient to charge the bank with notice of the mortgage and with the mistake made in the description of the land intended to be conveyed, and therefore the court below erred in decreeing that the judg-

ment obtained by the bank was a first lien upon the property intended to be mortgaged and that such property should be sold subject to the lien of said judgment. For this error the decree must be reversed and the cause remanded.

Decree reversed.